United States District Court
Southern District of Texas
FILED

JAN 2 8 2010

Clerk of Court

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

IN RE:

| | § | CASE NUMBER 09-37774 |
|---|---|---|
| GARRETT-BECK CORPORATION | § | |
| A/K/A GARRETT-BECK CORP. D/B/A | | |
| GOOSE CREEK REHABILITATION & | § | |
| HEALTHCARE CENTER, F/D/B/A | | |
| BAYTOWN NURSING HOME | § | CHAPTER 7 |

REQUEST FOR DISTRIBUTION OF TRUST FUNDS

Comes now, Jimmie Kimmey, with a Power of Attorney for Nollie Parker, Previous resident of Goose Creek Rehabilitation Center, and request distribution of her trust funds and personal properties and in support thereof state the following:

BACKGROUND

Nollie Parker was a resident of Goose Creek Rehabilitation Center for over five years. One day administration demanded that I move her within three days from the facility. When inquiries were made concerning the money in a trust fund held by the Administration of Goose Creek Rehabilitation Center and personal properties, we were told that would be handled by Administration. Inquiries as to why the move was necessary received the answer, "They did not know".

On October 14, 2009, Goose Creek Rehabilitation filed for bankruptcy under Chapter 11. On October 23, 2009, this Court ordered that the funds in the Patient Trust Account are not estate property and the Estate must manage and disburse those funds in accordance with applicable non-bankruptcy law. The Estate is so authorized. A copy of the order is attached as exhibit 1,

adopted and incorporated as though fully referenced herein.

To date, we have not heard a single word and have been unable to receive any information concerning the funds.

### Request for Final Hearing

In accordance with Bankruptcy Rule 4001, Movant request that the Court set a final hearing on the distribution of the Trust Funds and personal properties of former residents of Goose Creek Rehabilitation Center and at that hearing, the Court authorize the distribution of Trust Funds and personal properties of former residents of Goose Creek Rehabilitation Center in order to avoid immediate and irreparable harm to said residents.

### RELIEF

The Court is requested to take judicial notice of its order of October 23, 2009, and order the Estate to distribute the Trust funds and personal properties owed to Nollie Parker. Time is of the essence. Nollie Parker will be one hundred years old on February 25, 2010, and deserves to have her money and personal properties before she dies.

Movant had to retain an attorney to secure her rights and should be awarded attorney's fees.

WHEREFORE, Movant respectfully prays that this Court:

1. Hold a final hearing on the distribution of trust funds and personal properties of Nollie Parker and other former residents of Goose Creek Rehabilitation Center, in a similar condition, to avoid immediate and irreparable harm.

2. Enter an order requiring the Estate to comply with this Court's October 23, 2009, order by paying the trust funds and distribute personal property to the former residents of Goose Creek Rehabilitation Center within ten days of the court signing the order.

3. Enter an order for attorney's fees for the estate's failure to comply with the Court's order of October 23, 2009, and withholding the trust funds and personal properties of Nollie Parker.

Respectfully submitted,

*Reba A. Eichelberger* (signature)

Reba A. Eichelberger
SBA 06493000
1610 James Bowie Drive, #101A
Baytown, Texas 77520-3446
Tele: 281-428-1242
Fax: 281-420-5575
Attorney for Jimmie Kimmey, POA for
Nollie Parker

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on January 26, 2010, by U. S. Mail or facsimile service on the following:

OFFICE OF THE U. S. ATTORNEY
Nancy Holly
515 Rusk Ave. Ste.3516
Houston, Texas 77002

CHAPTER 7 TRUSTEE
Rodney D. Tow
J. Koenig, Attorney for Trustee
26219 Oak Ridge Drive
The Woodlands, Texas 77380

281-681-9100

DEBTOR'S ATTORNEY
James B. Jameson
Attorney at Law
3355 West Alabama
Houston, Texas 77098
713-807-1705

REID, STRICKLAND & GILLETTE, L. L.P.
Stephen H. Don Carlos

P. O. Box 809
Baytown, Texas 77522-0809
281-422-7382   Fax: 281-428-2962

*Reba A. Eichelberger*
Reba A. Eichelberger

### AFFIDAVIT

My name is Reba A. Eichelberger and I am a party to this case. I am qualified to make this affidavit based on personal knowledge and information secured from the file in the court.

The documents attached to this motion are true and correct copies of the documents contained in the court's files.

*Reba A. Eichelberger*
Reba A. Eichelberger

SUBSCRIBED AND SWORN TO BEFORE ME, by Reba a. Eichelberger on the 26th day of January, 2010.

*Mary Adele Forns*
Notary Public * State of Texas



MARY ADELE FORNS
Notary Public, State of Texas
My Commission Expires
JULY 29, 2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



ENTERED
10/23/2009

| | | |
|---|---|---|
| IN RE: § | Case No. 09-37774 |
| GARRETT-BECK CORPORATION; dba § | Chapter 11 |
| GOOSE CREEK REHABILITATION & § | |
| HEALTHCARE CENTER; aka GARRETT- § | |
| BECK CORP.; fdba BAYTOWN NURSING § | |
| HOME, § | |
| Debtor(s). § | Judge Isgur |

## SHOW CAUSE ORDER AND
## ORDER AUTHORIZING USE OF CASH COLLATERAL

For the reasons set forth on the record on this date, the Court orders:

1. The funds held in the Patient Trust Account are not estate property. The Estate must manage and disburse those funds in accordance with applicable non-bankruptcy law. The Estate is so authorized.

2. The following expenses may be paid out of cash collateral:

   A. Payroll and/or contract labor charges payable to employees Anderson, Diez, Suit, and Hill. The total amount of these charges is limited to $7,600.00 unless additional authority is obtained.

   B. All payroll taxes and other required payments to governmental units which are associated with the amounts authorized under paragraph 2A, each in the amount required by applicable non-bankruptcy law.

   C. Storage fees of $975.00.

3. The Court will consider whether to authorize additional uses of cash collateral at a hearing on October 29, 2009 at 2:00 p.m..

4. At the October 29, 2009 hearing, the Debtor and other parties in interest must show cause why this case should not be converted to a case under chapter 7 of the Bankruptcy Code.

SIGNED **October 23, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

1 / 1

EXHIBIT "1"