

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/27/2012

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-37774 |
| GARRETT-BECK CORPORATION; dba | § | Chapter 7 |
| GOOSE CREEK REHABILITATION & | § | |
| HEALTHCARE CENTER; aka GARRETT- | § | |
| BECK CORP.; fdba BAYTOWN NURSING | § | |
| HOME, | § | |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

On June 6, 2012, Rodney Tow, chapter 7 Trustee, filed his First Amended Motion Requesting Ruling or Reconsideration of the Court's September 13, 2011 Memorandum Opinion and Order granting Business Lenders, LLC's motion to determine the validity, priority, or extent of its lien claim. For the reasons set forth below, the motion is denied.

### Jurisdiction and Authority

The Court has jurisdiction over this matter under 28 U.S.C § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

This proceeding falls within the Bankruptcy Court's constitutional authority. This proceeding is integrally bound up in the bankruptcy process and can be resolved through the exercise of the Court's *in rem* jurisdiction over the bankruptcy estate. *See West v. Freedom Medical, Inc.* (*In re Apex Long Term Acute Care–Katy, L.P.*), 465 B.R. 452, 460 (Bankr. S.D. Tex. 2011) (determining constitutional authority by examining whether a matter can be resolved through the exercise of *in rem* jurisdiction or whether the substantive outcome of the issue is in any way affected by bankruptcy law).

This is not the type of matter that raises a serious issue about authority under *Stern v. Marshall*. *See generally Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011) (holding a bankruptcy court lacked the constitutional authority to issue a final and binding decision on a claim based exclusively on a right assured by state law). A bankruptcy court, like any other court, has inherent power to enforce its own judgments. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (holding a federal court has ancillary jurisdiction that is automatically available for use in subsequent proceedings). Because this is a motion for reconsideration of a prior judgment, the Court has authority.

## Background

The Trustee seeks to obtain a ruling from this Court in connection with a Memorandum Opinion and Order ("Order") issued on September 13, 2011. ECF No. 149. The Order granted the motion of Business Lenders, LLC, for and on behalf of Bank of America, N.A., to determine the validity, priority, or extent of its lien claim. The Court determined that Bank of America had a valid, secured, first-lien position claim in the amount of $420,115.33, plus interest and legal fees, on the proceeds of the Trustee's sale of the Debtor's Medicaid-certified bed allocations.

On June 6, 2012, Trustee filed a motion for this Court to rule on the issues raised pursuant to 11 U.S.C. § 547 and Article 9 of the UCC, on the grounds that the Order failed to address the issues. Trustee claims that the order did not dispose of the § 547 relief sought by the Trustee, which was the avoidance of the perfection during the preference period. Alternatively, the Trustee moves for this Court to vacate its Order and reconsider the allowance of Bank of America's secured claim pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rules 3008 and 9024.

**Analysis**

The rulings of a bankruptcy court are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (determining that a motion to reconsider two conclusions drawn in an opinion reflected "a fundamental misunderstanding of the limited appropriateness of motions for reconsideration"). Rather, "litigants are expected to present their strongest case when the matter is first considered." *See Louisiana v. Sprint. Commc'ns. Co.*, 899 F. Supp. 282, 284 (M.D.La. 1995) (stating "[a] motion to reconsider based on recycled arguments only serves to waste the resources of the court.") (citing *Fernandez v. Bankers Nat. Life. Ins. Co.*, 906 F.2d 559 (11th Cir. 1990)).

The Court's Order was a final order for the purposes of appeal. *See Moody v. Empire Life Ins. Co. (In re Moody)*, 849 F.2d 902, 904 (5th Cir. 1988) (holding that an order allowing a claim or priority that determines the amount due to a creditor is final). The Trustee had the option of appealing the Order or timely moving to reconsider the issue pursuant to Bankruptcy Rule 9023, but did neither.[1] Instead, the Trustee now requests that this Court vacate its Order and reconsider an argument not raised during the litigation process, and nearly a year after the fact.[2]

---

[1] *See* Transcript from Hearing on Motion for Ruling, ECF No. 185, at 26. Mr. Tow states "had I known that [the Court was] thinking [it] made the wrong decision, the wrong result, then I would have come back in and done a motion to Reconsider, or I would have taken an appeal. . . . [S]ince I believed [the Court] thought [it] reached the . . . correct underlying result . . . I thought it was impractical to move for reconsideration or to do an appeal."

[2] The Trustee and Business Lenders expressly consented on the record to a truncated contested matter, pursuant to Bankruptcy Rule 9014, in lieu of an adversary proceeding.

I.      **Motion for Ruling**

The Trustee "requests the Court to rule on the § 547 argument," asserting that "[s]ection 547 and Article 9 were raised in the Trustee's original response filed at Docket No. 134 and in the brief filed at Docket No. 142," and that "[t]he Memorandum Opinion did not rule on the [§547] argument asserted by the Trustee." ECF No. 195, at 4.

It is true that the Article 9 argument was not considered in the Order.[3]  However, the Court explicitly addressed the Trustee's § 547 argument.  The argument, as raised by the Trustee, attempted to utilize § 547 as a stepping stone into § 544.  The Trustee did not raise the § 547 argument in the manner now set forth in the motion for reconsideration.  The Trustee has shifted positions and now alleges that § 547 is a predicate to the Trustee's Article 9 argument.[4]

The Court's prior opinion explicitly references § 547 and finds that because the Trustee specifically elected to pursue avoidance of the lien pursuant to 11 U.S.C. § 544(a)(3) only, the Court did not need to look further into the § 547 issue.  The Court's Order, in pertinent part, stated:

> If the bed allotment was instead real property, the Trustee still cannot avoid the lien, because it was perfected more than 90 days before the petition date.  The Trustee argues that the lien had to be perfected by filing a UCC-1. If the bed allotment was real property, the lien did not have to be perfected by filing a UCC-1. In that case, Bank of America's lien was perfected by the deed of trust. The deed of trust was recorded on March, 23, 2001—years before the bankruptcy filing. Unlike the second UCC-1, the deed of trust is not subject to avoidance under § 547. Therefore, if the bed allotment was real property, the lien was perfected and valid on the date of the Debtor's bankruptcy and cannot be avoided under § 544(a)(3).

---

[3] *See* ECF No. 185, at 33. The Court stated, "I haven't considered at all . . . whether he could proceed directly under Article 9, if under 547 it was unperfected, whether he could then proceed under his Article 9317 theory."

[4] For example, in both paragraphs 12 and 4 of the Trustee's Brief on Lien Avoidance, Article 9 was raised in the context of § 544, not § 547, and the brief does not cite any of the specific provisions now being presented to the Court.

ECF No. 149, at 3. The Court addressed the § 547 issue as it was presented. Accordingly, the Court denies the Trustee's Motion with respect to the request for a ruling.

**II.      Motion to Reconsider**

The Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) ("While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order.") (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998)). A motion to alter or amend, or for reconsideration, may be made under either Fed. R. Civ. P. 59(e) or 60(b), applicable to bankruptcy proceedings under Fed. R. Bankr. P. 9023 and 9024. *Id.* If a motion for reconsideration is filed within fourteen[5] days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.*

    **A.      Bankruptcy Rule 9023**

The Trustee's Motion is not a timely motion to alter or amend the Order pursuant to Bankruptcy Rule 9023, which required the Trustee to file a motion to alter or amend the Order no later than fourteen days after entry of the Order. Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 14 days after the entry of the judgment.")). Because the Trustee's Motion was not timely under Rule 9023, the Motion must be decided under Rule 9024, which incorporates Rule 60(b).

---

[5] When *Hamilton* was issued in 1998, the time limit was ten days. It is now fourteen days. Fed. R. Bankr. P. 9023.

### B. Section 502(j) and Rule 60(b)

In bankruptcy cases, the bankruptcy court has power to reconsider the allowance or disallowance of proofs of claim "for cause." 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. There is no deadline to file a § 502(j) motion unless the claim was allowed or disallowed by way of an adversary proceeding or other contested litigation. *In re Willoughby*, 324 B.R. 66, 72 (Bankr. S.D. Ind. 2005).

Nevertheless, motions brought under § 502(j) following an adversary proceeding or contested matter are subject to the time limitations of Fed. R. Civ. P. 60(b). *Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 163 (2d Cir. 2009); *Willoughby*, 324 B.R. at 72 n.3. Accordingly, the Trustee's current motion must be considered under Rule 60(b).

The Trustee seeks reconsideration for mistake, inadvertence, surprise or excusable neglect, the grounds for reconsideration under Rule 60(b)(1). The Trustee also seeks reconsideration for "any other reason that justifies relief," the grounds for reconsideration under Rule 60(b)(6). Motions to reconsider under Rule 60(b)(1) must be brought "within a reasonable time" and not more than one year after the entry of the order. Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Trustee filed the Motion less than one year after the Court's September 13, 2011 Memorandum Opinion and Order. The Court need not reach the issue of whether the Trustee filed the Motion within a reasonable time because the Court finds that the Trustee has not asserted cause for reconsideration.

In *In re Colley*, 814 F.2d 1008, 2010 (5th Cir. 1987), the Fifth Circuit affirmed the bankruptcy court's decision not to reconsider a claim, stating that "the bankruptcy court's

discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved." The Fifth Circuit criticized the movant in that case for not even generally asserting cause for reconsideration under § 502(j). *See id.* (stating the movant "did not explicitly or implicitly assert fraud, newly discovered evidence, mistake, inexcusable neglect, or any of the other matters pertinent to a Rule 60(b) motion" and that "[the movant] did not even generally assert 'cause' for reconsideration under § 502(j).").

Although what constitutes "cause" is discretionary with the bankruptcy court, this discretion does not give this Court authority to act as a roving commission to do equity. Thus, the preliminary question raised by the cause standard in § 502(j) runs parallel to the requirements of Rule 60(b). *See e.g.*, *In re Gonzalez*, 372 B.R. 837, 841 (Bankr. W.D. Tex. 2007) ("[A] movant seeking reconsideration must at least provide the court with some 'cause' for reconsideration, and, if the motion is made after the expiration of the ten-day period, the cause must be cognizable under Rule 60(b)."). The Trustee therefore must satisfy the requirements of Rule 60(b) to be entitled to reconsideration of the Order. If the Trustee cannot establish cause, then there is no basis for proceeding further, and the Court's Order should stand.

Rule 60(b) provides for relief from a final judgment under the following circumstances: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released or discharged; or (vi) any other reason justifying relief from the operation of the judgment. *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986).

The Trustee presents two separate grounds for a finding of "cause" under the Fifth Circuit standard: first, under Rule 60(b)(6), based on "any other reason that justifies relief," and second, under Rule 60(b)(1), based on "mistake, inadvertence, surprise, or excusable neglect." The Court will address each individually.

The Court views each of the Rule 60(b) arguments in light of the standards promulgated by the Fifth Circuit. *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (stating the Court has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy.") (internal quotations and citations omitted).

### 1. *"Mistake, inadvertence, surprise, or excusable neglect."*

The Trustee requests that the Court reconsider the Order based on mistake, inadvertence, surprise or excusable neglect pursuant to Rule 60(b)(1). ECF No. 195, at 8. The Trustee asserts that § 544, which was the object of the Court's Order, "was not addressed in the Trustee's initial pleading . . . but became a focal point at the hearing on July 5, 2011," and further that "it was a mistake to base any argument or decision in this case on [§ 544], instead of [§ 547]." *Id.*

There is not cause to revisit an issue that the Trustee failed to raise as an independent basis—rather than as a stepping stone for its § 544 argument—for avoiding the lien. Although the Trustee takes the position that arguing § 544 was an effort "to comply with what [he] thought were clear instructions from the Court to do a [§544] argument," ECF No. 185, at 25, the Court never gave such "clear instructions."[6] The Court did not order the Trustee to ignore or forget § 547 as an independent argument.

The Court will not take responsibility for the Trustee's pleadings.

---

[6] The Court stated "I think you do it under 544. And that's why I want to just take this in baby steps. . . . So under 544 how do you get to avoid it? Unless there's some other way that you think you can avoid it."

The Trustee may have made a mistake in not asserting what he now believes to be the correct argument, but the situation does not present sufficient grounds for Rule 60(b)(1) relief. *See Edward H. Bolin Co. v. Banning*, 6 F.3d 350, 356-57 (5th Cir. 1993) ("[I]nadvertent mistake[,] . . . [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief . . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court.").

The issue was fairly litigated last year, and the Court ruled on the arguments that were raised for consideration. The Trustee has not shown cause to vacate the Order so that he may receive another bite at the apple.

### 2. *"Any other reason that justifies relief."*

The Trustee requests that the Court vacate its Order to "accomplish justice." *See Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) (holding Rule 60(b)(6) permits a court to relieve a party from a final judgment "for any 'other reason' justifying relief from operation of the judgment," vesting the court with "power adequate to enable it to vacate a judgment whenever such action is appropriate to accomplish justice."). The Trustee argues that if he can avoid Bank of America's lien under § 547, then the lien would be subordinate to the estate under Article 9 of the UCC, which would ultimately improve the recovery to unsecured creditors. ECF No. 195, at 6-7.

The grounds presented by the Trustee fall short of "cause." This Court's rulings should not be swayed by whether an outcome is harmful or helpful to an estate. Protection of the estate is the duty of the Trustee; the Court's duty is to apply the law fairly and impartially. If the Court were to grant reconsideration merely because it would help the losing side, the Court would

*always* grant motions for reconsideration; the losing side would be better off. The Court will not be swayed by an allegation that reconsideration will benefit unsecured creditors; any benefit to the holders of unsecured claims will come at Bank of America's expense. Bank of America is entitled to no less and no more consideration of its financial stake than the unsecured creditors.

## Conclusion

Based on the foregoing reasons, the Trustee's Motion Requesting Ruling or Reconsideration of the Court's September 13, 2011 Memorandum Opinion and Order is denied.

SIGNED **August 27, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE